UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
*In re* JULIA F. SOUSSIS

                Debtor-Appellant,

  -against-

MICHAEL J. MACCO,

               Appellee-Trustee.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-1217(OEM)
23-CV-1225(OEM)

**ORELIA E. MERCHANT, United States District Judge:**

Julia F. Soussis ("Appellant" or "Soussis") appeals the February 2, 2023 Order of the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") dismissing her seventh bankruptcy petition related to a state court judgment of foreclosure and sale of her home in Garden City, New York (the "Bankruptcy Dismissal Appeal").[1] *See In re Soussis*, 8−22−73209−reg (Bankr. E.D.N.Y. Feb. 2, 2023) (the "Seventh Bankruptcy Action"), ECF 30. Relatedly, Soussis also appeals the Bankruptcy Court's order denying her motion to replace the appointed Chapter 13 standing trustee, Michael J. Macco (the "Trustee"), in the Seventh Bankruptcy Action. *See Soussis v. Macco*, 23-cv-1225 (OEM) (E.D.N.Y. Feb. 14, 2023) (the "Trustee Appeal"). The Trustee Appeal, which is also assigned to the undersigned, has been stayed pending resolution of the Bankruptcy Dismissal Appeal. *See id.*, Order dated March 15, 2023.

For reasons set for below, the underlying bankruptcy matter is now moot, and therefore, the Court lacks jurisdiction over the two appeals arising out of the Seventh Bankruptcy Action.

---

[1] Soussis has filed six previous Chapter 13 bankruptcy petitions related to that property in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), and each petition has been dismissed upon motion of the standing trustee. As noted by the Trustee in his response to the Court's order to show cause, Soussis has since filed an eighth bankruptcy petition in the Bankruptcy Court on July 12, 2023, which the bankruptcy court dismissed on September 28, 2023. *In re Soussis*, 8−23−72498−reg, ECF 37 (Bankr. E.D.N.Y. Sept. 28, 2023). Soussis subsequently appealed that dismissal, and that eighth appeal is currently pending in this Court. *Soussis et al v. Chase Mortgage Holdings, Inc.*, 23-cv-07689 (RER) (E.D.N.Y Oct. 10, 2023).

1

Accordingly, both the Bankruptcy Dismissal Appeal and the Trustee Appeal are dismissed. *See Dobrer v. PennyMac Corp.*, No. 18-CV-3174 (AMD), 2018 WL 6437068, at *4 (E.D.N.Y. Dec. 7, 2018); Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The Court assumes familiarity with the extensive history of Soussis' various proceedings. *See Soussis v. Macco,* No. 20-CV-05673 (ARL), 2022 WL 203751, at *1 (E.D.N.Y. Jan. 24, 2022).

For over 16 years Soussis has been fighting a state court judgment of foreclosure and sale of her home (the "Property"). *See JPMorgan Chase Bank v. Soussis*, Index No. 007961/2007 (N.Y. Sup. Ct. Nassau Cnty. 2007) (the "State Court Foreclosure").[2] Chase Mortgage Holdings, Inc. ("Chase") was a secured creditor by virtue of a mortgage on the Property which, in turn, secured a Note in the amount of $306,500.00. *See* Seventh Bankruptcy Action, ECF 17 ¶¶ 2-4 (Chase's Objection to Confirmation of Debtor's Chapter 13 Plan); Notice of Appeal at 85.

On May 9, 2007, Chase filed a foreclosure action in the Supreme Court of the State of New York, Nassau County, seeking to foreclose on the Property. State Court Action, Affirmation of Ellis M. Oster dated July 18, 2021 ("Oster Decl.") ¶ 4, NYSCEF 14. "The final judgment of foreclosure and sale was rendered on default on November 13, 2008 and entered on December 2, 2008[.]" *Id.* "[T]he foreclosure sale scheduled to be held on February 24, 2009 had to be cancelled due to the automatic stay caused by [Soussis'] bankruptcy filing on February 23, 2009." *Id.* "After Defendant's bankruptcy proceeding was dismissed on May 15, 2009, a new foreclosure sale was

---

[2] "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)). Equally, a court may also take "judicial notice of the documents filed in Appellant's bankruptcy case." *Fetman v. Musso*, No. 20-CV-1101 (MKB), 2021 WL 736415, at *1 (E.D.N.Y. Feb. 25, 2021); *accord Tingling v. U.S. Dep't of Educ.*, 611 B.R. 710, 715 (E.D.N.Y. 2020).

2

scheduled to be held on June 30, 2009, but that sale had to be cancelled when Defendant brought her first order to show cause in [the state court] matter on or about June 29, 2009." *Id.*

Since then, that pattern has repeated. Soussis delayed the sale of the Property by way of filing successive Chapter 13 petitions, each triggering the Bankruptcy Code's automatic stay. All six subsequent Chapter 13 petitions have been dismissed.[3] *See* Oster Decl. ¶¶ 4-14 (delineating the various delays and bankruptcy proceedings up until 2021). Soussis also sought to avoid the sale through multiple challenges of the state court judgment, all of which have failed. For example, in 2016, Soussis attempted to vacate the state court default foreclosure judgment. *JPMorgan Chase Bank, N.A. v. Soussis,* 165 A.D.3d 1240, 1240 (App. Div. 2018). That challenge was rejected by the state trial court, whose decision was later affirmed by Appellate Division. *See id.*; *accord* State Court Action, NYSCEF 26.

On November 16, 2022, on the "eve of" the then-latest scheduled foreclosure sale, Soussis filed her seventh petition for voluntary bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C §§ 1301 *et seq*. Seventh Bankruptcy Appeal, ECF 11 ("Trustee's Motion to Dismiss") ¶ 6. On December 2, 2022, the Trustee filed a motion to dismiss the bankruptcy proceeding with

---

[3] The second petition was filed by the debtor(s) under E.D.N.Y. Bankruptcy case number 8-09-79585-736, on December 14, 2009. The debtor's Chapter 13 case was dismissed upon application of the Trustee, for failure to submit monthly pre-confirmation payments, failure to provide and failure to appear at §341 meeting of creditors, on February 22, 2010. *See id.* at ECF 20.
    The third petition was filed by the debtor(s) under E.D.N.Y. Bankruptcy case number 8-10-74940-736, on June 27, 2010. The debtor's Chapter 13 case was dismissed upon application of the Trustee, for default in making timely monthly plan payments under the Chapter 13 Plan, failure to provide documents, failure to appear at §341 meeting of creditors, on September 21, 2010. *See id.* at ECF 22.
    The fourth petition was filed by the debtor(s) under E.D.N.Y. Bankruptcy case number 8-14-75507-736, on December 13, 2014. The debtor's Chapter 13 case was dismissed upon application of the Trustee, for failure to provide and/or file documents, and failure to offer a feasible plan, on April 17, 2015. *See id.* at ECF 26.
    The fifth petition was filed by the debtor(s) under E.D.N.Y. Bankruptcy case number 8-15-72789-736, on June 29, 2015. The debtor's Chapter 13 case was dismissed upon application of the Trustee, for failure to submit monthly pre-confirmation payments, failure to provide and/or file documents, and failure to appear at §341 meeting of creditors, on October 26, 2015. *See id.* at ECF 22.
    The sixth petition was filed by the debtor(s) under E.D.N.Y. Bankruptcy case number 8-19-73686-736, on May 20, 2019. The debtor's Chapter 13 case was dismissed upon application of the debtor, on June 30, 2020. *See id.* at ECF 37; *Accord* Trustee's Motion to Dismiss ¶ 3.

3

prejudice. *See generally id.*[4] On February 2, 2023, the Bankruptcy Court dismissed the case. *See id.* at ECF 30 ("Dismissal Order").[5]

On February 13, 2023, Soussis filed a notice of appeal as to the Dismissal Order. Seventh Bankruptcy Appeal, ECF 1. The Court received the bankruptcy record on March 15, 2023, ECF 4, and briefing was completed on May 11, 2023. *See* ECF 6 ("Appellant's Brief"); ECF 7 ("Appellee's Brief"). The case was reassigned to the undersigned on July 6, 2023.

Most recently, however, the Court's own review of the state court docket indicates that on January 19, 2024, the Property was sold at auction to Chase for $500.00. *See* State Court Foreclosure Action at NYSCEF 82 (Referee's Report of Sale); *accord* NYSCEF 85 at 5 (Memorandum of Sale of the Property).

On February 23, 2024, the Court issued an order for Soussis to show cause why the Seventh Bankruptcy Dismissal Appeal and the Trustee Appeal were not moot given the sale of the property. *See* Order to Show Cause dated February 23, 2024 ("OTSC"). The same day, Soussis filed a statement in response to the Court's OTSC ("Soussis' Statement"), ECF 9, and on March 1, 2024, the Trustee filed a Response to Soussis' Statement ("Trustee's Response"), ECF 10.

**STANDARD OF REVIEW**

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the legal conclusions of a bankruptcy court "*de novo*, and its factual findings for clear error." *Wenegieme v. Macco*, No. 17–CV–1218 (JFB), 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *In re*

---

[4] The Trustee alleged that, among other deficiencies, Soussis "failed to file a Chapter 13 Plan. After filing, the Trustee contacted debtor's counsel to find out how he intended to satisfy the mortgage arrearage since the last mortgage payment was paid in January 2007, which is almost 16 years ago. In the previous case filed on May 20, 2019, the mortgage arrears were $778,565.00 and more than 3.5 years have elapsed since the previous claim was filed. Debtors' counsel's only response was that he was looking for a refinance." Trustee's Motion to Dismiss ¶ 4.

[5] That same day the Bankruptcy Court issued an order denying Soussis' motion to remove the Trustee. This order is subject of the related Trustee appeal. *See id.* at 29.

4

*Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)). The district court, however, remains limited by the jurisdictional confines of Article III. *See Gonzalez v. Musso*, No. 08–CV–3026, 2008 WL 3194179, at *1 (E.D.N.Y. Aug. 6, 2008).

## DISCUSSION

The fundamental problem with Soussis' appeal is that it is moot. Mootness can arise when the "it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress" a plaintiff's injury. *Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994). Absent this fundamental power to "affect the rights of litigants in the case before them," a case is rendered moot, and the district court is stripped of subject matter jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246, (1971) (citation omitted); *see Fox*, 42 F.3d at 140 ("[T]he condition of mootness is not a defense that could be waived by the Defendants, but rather is a condition that deprives the court of subject matter jurisdiction.").

While "[n]either party has raised the issue of mootness on appeal," a Court may "examine the issue *sua sponte* when it emerges from the record." *Dobrer*, 2018 WL 6437068, at *3 (quoting *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 82 (2d Cir. 1996)) (quotation marks omitted); *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"It is well established that a foreclosure sale of a disputed property moots the appeal of a bankruptcy court's order." *Dobrer*, 2018 WL 6437068, at *3; *In re Young*, 242 F.3d 369 (2d Cir. 2000) (summary order) ("The law is clear that once a foreclosure sale has taken place, the appeal is moot."). *Dobrer* squares directly with facts here. In *Dobrer*, the debtor-appellant claimed that there should have been an automatic stay when she filed her voluntary Chapter 13 petition, and that the property should not have been sold. *Id.* at *1. The Court found the case moot because "because the property ha[d] been sold, and the appellee ha[d] no [further] interest in the mortgage." *Id.* at *3. As the Court aptly noted, "a district court sitting as an appellate court to bankruptcy court cannot undo the foreclosure sale of the property." *Id.* (citing *In re Abbott*, 447 F. App'x 232, 233 (2d Cir. 2011)).

Here, conceding that the Property was sold, Soussis now argues that the two appeals regarding the dismissal and the denial of her bid to remove the trustee nonetheless supply legal issues that remain to be adjudicated. *See* Soussis' Statement at 2 (stating that though "the property has been sold . . . the issues raised in the appeal will show that not every issue is rendered moot by the sale of real property. The sale of property was just one of the stakes"). However, contrary to Soussis' contention, both appeals succumb to the underlying defect that the Property has been sold and the Court is incapable of affording any relief to undo the foreclosure. *See Mata v. Arvest Cent. Mortg. Co.*, No. 19-CV-2846 (PKC), 2020 WL 1694314, at *4-5 (E.D.N.Y. Apr. 7, 2020) ("[R]egardless of the merit of an appellant's challenge to a sale order, [the court] may neither reverse nor modify the judicially authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.") (citation omitted) (alteration in original). Here, Soussis makes no contention that Chase acted in bad faith, *see generally* Soussis Statement, and the state court records shows the presiding Nassau County Supreme Court Justice declined to sign

6

Soussis's January 12, 2024 *pro se* order to show cause to stay the January 19, 2024 sale. State Court Action, NYSCEF 80. In sum, the Court finds that this appeal is moot based on the foreclosure sale having taken place.

## CONCLUSION

For the foregoing reasons, the Court finds both the instant Bankruptcy Dismissal Appeal, 23-CV-1217 (OEM), and the Trustee Appeal, 23-CV-01225 (OEM), are moot. Accordingly, both appeals are dismissed for a lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close both cases.

Further, given Soussis' extensive and vexatious litigation history and attempts to abuse the Bankruptcy Code's automatic stay, including filing of an eighth foreclosure action after this one, Soussis is hereby **ORDERED** file a copy of this Memorandum and Order in any present and all future petitions or cases she initiates both in the Bankruptcy Court and the district court, including in 23-cv-07689 (RER) (E.D.N.Y Oct. 10, 2023), regardless if she is represented or not. Soussis shall file a sworn certification of compliance within two weeks of entry of this order which lists all actions subject to this order under pain of sanctions.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

March 15, 2024
Brooklyn, New York